# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MELISSA FULLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:12CV1198 |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Amended Complaint (Docket Entry 4). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from Defendants with immunity from such relief.[1]

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee

---

[1] Plaintiff's pauper application lists monthly income totaling $3,000 and monthly expenses totaling $2,335, suggesting she likely could afford to pay the filing fee. (See Docket Entry 1 at 1-3.) However, in light of the recommendation of dismissal, no need exists to address this matter further.

that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs

lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In considering such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-

-3-

unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

DISCUSSION

Plaintiff's Amended Complaint names six Defendants: the State of North Carolina, the North Carolina Office of State Personnel, the State Highway Patrol, State Trooper A C Ward No. 2654, the Guilford County District Court, and the Guilford County District Attorney. (Docket Entry 4 at 1.)[3] The Amended Complaint describes

---

[3] Plaintiff additionally names as Defendants "Guilford County District Court Citation # F979004" and "John Does 1-100." (Docket Entry 4 at 1.) A traffic citation does not represent a proper Defendant. Cf. Sierra Club v. Morton, 405 U.S. 727, 742 & n.2 (1972) (Douglas, J., dissenting) (discussing limited circumstances in which "[i]nanimate objects are sometimes parties in litigation," such as some actions in rem). Unlike an action in rem, the traffic citation here does not reflect disputed property which Plaintiff hopes to obtain. Nor could one reasonably consider a traffic citation as a "person" for purposes of an action brought pursuant to 42 U.S.C. § 1983. The Amended Complaint further lacks identifying details for or allegations against any John Doe Defendants. (Docket Entry 4 at 1-12.) "John Doe suits are not favored in federal courts." Sullivan v. Cannady, No. 7:12CV69D, 2012 WL 4829616, at *1 n.1 (E.D.N.C. Oct. 10, 2012) (unpublished). In accordance with this principle, the courts should allow John Doe suits to proceed only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F. 2d 196, 197 (4th Cir. 1982). "Thus, if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Id. at 198 (footnote omitted). The Amended Complaint neither includes facts to support an inference that the 100 John Does named represent real, identifiable Defendants (Docket Entry 4 at 1-12),
(continued...)

this action as a suit "for damages brought for violations of 18 USC 241, CONSPIRACY AGAINST THE RIGHTS OF CITIZENS, 18 USC 242, DEPRIVATION OF RIGHTS UNDER COLOR OF LAW[.]" (Id. at 2.) It further alleges that Plaintiff suffered deprivations of various federal constitutional rights during a traffic stop by a state trooper. (Id. at 3-11.) To support these claims, the Amended Complaint offers the following factual allegations:

1) Trooper Ward pulled Plaintiff over and without identifying himself, "got out of the vehicle and demanded to see papers that he thought [Plaintiff] might have in [her] possession, such as a driver's license, vehicle registration, and etc. . . . [and Plaintiff] asked [Trooper Ward] . . . for his picture ID such as a driver's license, and etc." (Id. at 3.);

2) "[Trooper Ward] became enraged . . . [,] refused to show [Plaintiff] a picture ID or in fact any ID[,] [and] [h]e threatened to put [Plaintiff] in jail." (Id. at 4.);

3) "[Plaintiff] asked [Trooper Ward] if [she] was under arrest, and he said, 'No.' [Plaintiff] asked him if [she] was not under arrest why would he put [her] in jail. This only enraged him further and he accused [Plaintiff] of being a 'smart ass' and other such objectionable labels." (Id.);

---

³(...continued)
nor appears to contemplate any recovery from these Defendants, as Plaintiff's formula for damages omits them (id. at 11). For these reasons, Plaintiff's claims against the District Court Citation and the John Doe Defendants should be dismissed.

-6-

4) "[Trooper Ward] appeared to be carrying a firearm . . . and since he was becoming very angry [Plaintiff] supplied him with the papers he demanded under fear and threat of duress and/or personal injury." (Id.);

5) "[Trooper Ward] periodically accused [Plaintiff] of breaking some laws. [Plaintiff] told him if [she] had broken any laws that he had recourse." (Id.);

6) "[Trooper Ward] went back to [his] vehicle, and shortly returned to [Plaintiff's] vehicle . . . . He showed [Plaintiff] a print out from his vehicle that appeared to be full of some sort of vouchers." (Id.);

7) "Without explaining the conditions of the contract and without making any attempt at full disclosure, he wanted [Plaintiff] to put [her] signature on a presentment. [Plaintiff] asked him if it was mandatory or voluntary that [she] sign the presentment. He said it was voluntary. [Plaintiff] informed him [she] would not sign the presentment." (Id.); and

8) "[Trooper Ward] assured [Plaintiff] that [she] must pay money to the court (?) for the 'charges' on the paper that he presented. That [Plaintiff] could be held liable for a contract that [she] had not been a party to confused [her]. It appears that [Trooper Ward] is under the false presumption that [Plaintiff] became the liable party. That is fraud. [Plaintiff] has been injured." (Id. at 5.)

Based on the foregoing allegations, the Amended Complaint "demands judgment for statutory damages[,] fees, and costs <u>against each and every Defendant</u>." (<u>Id.</u> at 11 (emphasis in original).) Specifically, it seeks damages totaling $12,180,000, calculated according to the formula "one-hundred seventy-four (174) listed Constitutional and Bill of Rights violations valued at $10,000 per violation times seven (7) Debtors." (<u>Id.</u>)

The Court should dismiss this action. As an initial matter, Plaintiff's Complaint brings her claim under a pair of criminal statutes, 18 U.S.C. §§ 241 and 242, which do not create a private cause of action. <u>Bey v. State of N.C.</u>, No. 3:12CV454, 2012 WL 3528005, at *1 (W.D.N.C. Aug. 14, 2012) (unpublished); <u>Shahin v. Darling</u>, 606 F. Supp. 2d 525, 538 (D. Del. 2009). As a general matter, Plaintiff may assert a damages action for federal constitutional violations under 42 U.S.C. § 1983. <u>Randall v. Prince George's Cnty., Md.</u>, 302 F.3d 188, 202 (4th Cir. 2002). However, in the instant case, Plaintiff has not alleged facts sufficient to support an inference that she suffered <u>any</u> deprivation of her federal constitutional rights.

Plaintiff's Amended Complaint appears to describe a routine traffic stop, which resulted in Trooper Ward giving her a traffic citation. (Docket Entry 4 at 3-5.) Routine traffic stops authorized by state law and based on an officer's reasonable suspicion of a traffic violation do not violate the United States

Constitution.  See Hiibel v. Sixth Judicial Dist. Court, 542 U.S. 177, 184-86 (2004).  Although the Amended Complaint does not disclose Trooper Ward's basis for stopping Plaintiff or the nature of the traffic citation given, it also does not allege the absence of reasonable suspicion for the stop.  (Docket Entry 4 at 3-11.)[4] Nor does the factual matter set forth in the Amended Complaint, if accepted as true, establish any of the 174 alleged constitutional violations listed in the Amended Complaint.  For instance, the Amended Complaint asserts that Trooper Ward's request for Plaintiff's driver's license violated the Fourth Amendment.  (See Docket Entry 4 at 6.)  However, a police officer's request for identification in the context of a traffic stop does not violate the Fourth Amendment.  See Hiibel, 542 U.S. at 186-88 ("Our decisions make clear that questions concerning a suspect's identity are a routine and accepted part of many *Terry* stops.").

The other asserted constitutional violations in the Amended Complaint similarly lack a reasonable relationship to Plaintiff's

---

[4] In addition, the Amended Complaint does not allege that the traffic stop violated state law.  (See Docket Entry 4 at 1-12.) See also N.C. Gen. Stat. § 20-183(a) ("It shall be the duty of the law-enforcement officers of the State and of each county, city, or other municipality to see that the provisions of this Article are enforced within their respective jurisdictions, and any such officer shall have the power to arrest on sight or upon warrant any person found violating the provisions of this Article.  Such officers within their respective jurisdictions shall have the power to stop any motor vehicle upon the highways of the State for the purpose of determining whether the same is being operated in violation of any of the provisions of this Article.").

-9-

alleged facts.  For example, the Amended Complaint identifies seven unique violations of the Thirteenth Amendment - abolishing slavery and involuntary servitude - in the course of her traffic stop. (See Docket Entry 4 at 6-11.)  The suggestion that Trooper Ward's requests for Plaintiff to remain in her car and provide her driver's license (see id. at 6-7) amount to slavery or involuntary servitude qualifies as frivolous.  See Herndon v. Chapel Hill-Carrboro City Bd. of Educ., 89 F.3d 174, 180-81 & n.3 (4th Cir. 1996) (holding that Thirteenth Amendment prohibits only compulsory labor "akin to African slavery").  Similarly, the Amended Complaint six times cites to Article I, § 10's prohibition of bills of attainder and ex-post-facto laws for the proposition that "no state shall allow any person or group to make a law, judge on it, and punish under it."  (Docket Entry 4 at 6-11.)  The Amended Complaint does not specify whether Plaintiff finds a particular state law - such as N.C. Gen. Stat. § 20-183(a), authorizing traffic stops - invalid, all state laws invalid, or alleges that someone else besides the state legislature enacted the challenged state law(s). (See Docket Entry 4 at 1-12.)  Regardless, the Amended Complaint offers no factual matter that calls into question the validity of any state law authorizing the subject traffic stop.  (See id. at 3-5.)

In addition, Plaintiff's Amended Complaint reflects other material pleading defects.  First, the Amended Complaint contains

-10-

no dates or locations (see id. at 1-12), which Federal Rule of Civil Procedure 9(f) considers "material when testing the sufficiency of a pleading." Further, it contains no factual allegations against either the Guilford County District Court or the Guilford County District Attorney. (See Docket Entry 4 at 1-12.) In sum, Plaintiff's Amended Complaint fails to state a claim, often to the point of frivolousness.

As to this latter point, Plaintiff's Amended Complaint falsely feigns confusion as to the identity and authority of the state trooper and the fact of the traffic stop itself. For instance, the Amended Complaint alleges that Plaintiff had no awareness of Trooper Ward's identity as a law enforcement officer (see id. at 3-5), yet it clearly identifies Trooper Ward by his position and badge number in the caption (id. at 1). Similarly, the Amended Complaint alleges Plaintiff's bewilderment when Trooper Ward handed her a "presentment" (id. at 4-5), but Plaintiff names the same document as a party to this suit, referring to it as a "District Court Citation" (id. at 1). These circumstances warrant dismissal of the Amended Complaint as frivolous.

Moreover, sovereign immunity bars any § 1983 claim against at least four of the named Defendants. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The

-11-

Eleventh Amendment bars such suits . . . ." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). States and state agencies thus do not constitute "persons" subject to suit under § 1983, id. at 67-71, and, for this reason, the Court should dismiss Plaintiff's claims against the State of North Carolina, the North Carolina Office of State Personnel, and the State Highway Patrol. In addition, because the North Carolina district courts operate as part of the state's unified court system, see N.C. Gen. Stat. § 7A-4, the Guilford County District Court also constitutes a state agency entitled to dismissal. Along similar lines, to the extent that Plaintiff's Amended Complaint asserts claims for damages against Trooper Ward and the Guilford County District Attorney in their official capacities, the Court should dismiss such claims because any judgment against them would impose liability on the state, which the Eleventh Amendment would bar. See Will, 491 U.S. at 70-71; see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985) (making clear that "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents").

As a final matter, in the absence of allegations that the state criminal proceedings resulting from Plaintiff's traffic citation terminated in her favor (see Docket Entry 4 at 1-12), Heck would bar Plaintiff's claims because they would call a criminal conviction into question. See Heck v. Humphrey, 512 U.S. 477, 486-

87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (footnote omitted)). In the event that such criminal process has not terminated, this Court should abstain. See Younger v. Harris, 401 U.S. 37, 41-43 (1971) (ruling that federal courts should ordinarily abstain from interfering with pending state-court criminal proceedings).

CONCLUSION

Plaintiff's Amended Complaint is frivolous, fails to state a claim, and seeks monetary damages from Defendants with immunity from such relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from Defendants with immunity from such relief.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 29, 2013